UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES SLACK, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26cv19 DRL-SJF |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

James Slack, a prisoner without a lawyer, initiated this lawsuit by filing a petition seeking habeas relief under Section 2241. In the petition, Mr. Slack asserts that he is entitled to habeas relief because another inmate falsely accused Mr. Slack of sexually assaulting him. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Section 2241(c) allows prisoners to seek habeas relief by challenging their custody on various grounds, but Mr. Slack's claims do not present any challenge to his custody at the Westville Correctional Facility. To the contrary, Mr. Slack's claims appear to be unspecified state law claims asserted against the other inmate.

By way of analogy, even when claims might arise under 42 U.S.C. § 1983, the court proceeds in a specific way. "District courts faced with a § 1983 suit brought under § 2254 should, rather than reach the merits, dismiss without prejudice to the possibility of a future § 1983 action or at least give notice that the suit will be converted to one under § 1983 if the

plaintiff declines to dismiss voluntarily." *Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003). This is because the consequences and requirements of filing § 1983 cases are materially different from those in § 2254 habeas cases. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). This case involves state law claims brought under Section 2241, but the concerns here remain similar to those in *Hadley* and *Pischke* because converting this case to a non-habeas civil action would similarly bring it under the purview of Prison Litigation Reform Act and its *in forma pauperis* provisions. *See* 28 U.S.C. § 1915. Stated otherwise, such a conversion would require payment of a much higher filing fee and might result in a strike that could restrict Mr. Slack from filing future lawsuits in federal court.

The court also declines to give Mr. Slack an opportunity to convert this case to a non-habeas civil action. He has improperly initiated this case as a § 2241 habeas proceeding and named only the Warden as the respondent. As a result, he would need to amend his initial pleadings to proceed in any non-habeas civil action, so the court perceives no utility in allowing Mr. Slack to litigate his state law claims under this particular case number. Instead, the court will dismiss this case without prejudice to refiling it as a non-habeas civil action.[1]

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and

---

[1] Mr. Slack should not construe this statement as endorsement to refile this case as a non-habeas civil action. The court is merely granting him that option in accordance with *Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003), and expresses no opinion on the viability of a non-habeas civil action based on the allegations in the petition.

(2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or whether the petition states a valid habeas claim. Therefore, the court denies Mr. Slack a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition does not state a valid claim for habeas relief;

(2) DENIES James Slack a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

February 25, 2026                                        *s/ Damon R. Leichty*
                                                         Judge, United States District Court